Nicholas D. Verdon, by Christopher Verdon, his next
   friend, Appellee, v. Nicholas D. Lassarias, Ap-
   pellant.

Gen. No. 17,088.

1. MALICIOUS PROSECUTION—*probable cause.* In an action for
malicious prosecution, evidence *held* to show probable cause for
suing out a warrant.

2. MALICIOUS PROSECUTION—*action on legal advice.* Where a
defendant in an action for malicious prosecution had probable
cause for the suing out of a warrant and sought legal counsel, fol-
lowing his advice therein, there is no malice present to sustain
a suit for malicious prosecution.

Appeal from the Circuit Court of Cook county; the Hon. KICK-
HAM SCANLAN, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1910. Reversed with finding of fact.
Opinion filed October 1, 1912.

MILES J. DEVINE, for appellant; JOHN T. MURRAY, of
counsel.

HAYNIE R. PEARSON, for appellee; SAMUEL W. JACK-
SON, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of
the court.

This case is before us on appeal from a judgment
for $750, rendered in the Circuit Court of Cook county
in favor of appellee, Nicholas D. Verdon, against
Nicholas D. Lassarias, appellant, for malicious prose-
cution.

It appears that appellee was employed in appel-
lant's restaurant as a night waiter and cashier from
June, 1904, until September, 1905, and from December
22, 1905, to January 28, 1906, when he was discharged
by appellant, and informed that the reason for it was
that on a number of occasions the cash register was
short of money as shown by the checks issued during

the night time.  About two days later a complaint was sworn out, charging that Verdon had unlawfully and fraudulently converted to his own use certain sums of money belonging to Lassarias.  That case was tried before a justice of the peace and Verdon was acquitted, who then brought suit in the Circuit Court of Cook county for malicious prosecution.

Appellant asks a reversal of the judgment in the court below upon the grounds that there was probable cause; that he was justified by the advice of counsel in bringing the suit, and that the court erred in the admission of certain evidence.

We cannot enter into any detailed discussion of the evidence shown in the record.  It appears without contradiction or controversy that appellee was appellant's cashier in charge of his cash during the night in a restaurant conducted by appellant.  During appellee's employment appellant repeatedly discovered a shortage in the cash as recorded by the cash register when compared with the checks turned in by customers during the night; and appellant frequently talked with appellee in regard to the shortage, but received no explanation thereof.  After talking with appellee, appellant found that for two or three days the cash was correct and everything was found correct, but gradually thereafter the shortages again appeared.

The witness, Courlas, and the cook employed by appellant informed appellant that the sales during certain nights were in excess of the amounts registered in the cash register, and Courlas testified that he had seen appellee ring up incorrect amounts on the register.  Appellant thought that there might be something wrong with the cash register machine, and applied to the National Cash Register Company to have one of its experts examine and test the machine; this was done and it was found that the machine registered correctly.  Appellant, Lassarias, then consulted his attorney and laid before him the facts as they had devel-

oped and as he had ascertained them, and sought the attorney's advice. The attorney testified to the fact that appellant, Lassarias, consulted him with reference to the case before the warrant of arrest was issued. The conversation was had in the attorney's office two or three days before action was taken, and appellant, Lassarias, revealed to him all the facts and circumstances connected with the case, and the attorney, to be safe and cautious in his advice, consulted with the witnesses named to him by appellant, Lassarias, and for that purpose went to the place of business of appellant. After making a careful investigation, the attorney advised appellant to take out a warrant for the arrest of appellee, and that was accordingly done.

In our opinion the evidence clearly showed that probable cause for the suing out of a warrant existed. It further shows that appellant sought legal counsel and followed the advice of counsel. Upon these facts we are of the opinion that malice was not shown—that all the facts were disclosed to counsel and that the cause of action alleged in the declaration was not sustained by the evidence. The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*